**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONSTANCE H. SCOTT,**

    **Plaintiff,**

-vs-     Case No. 6:08-cv-151-Orl-31GJK

**SWH CORPORATION d/b/a MIMI'S CAFÉ,**

    **Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 31) and Plaintiff's Response thereto (Doc. 34).

**I. Background**

Plaintiff Constance H. Scott ("Scott") filed her First Amended Complaint (Doc. 7) in this Court on January 31, 2008. That complaint was brought against Marcos Bermudez ("Bermudez"), Alex Martinez ("Martinez") and SWH Corporation d/b/a Mimi's Café ("Mimi's") and contained three counts: Count I for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act (the "FCRA"); Count II for assault and battery and Count III for intentional infliction of emotional distress. The factual basis for these claims was that, while employed by Mimi's, Scott was sexually harassed by Bermudez and then forced to resign by Martinez when she complained.

On March 11, 2008, this Court dismissed Count I of the First Amended Complaint insofar as it was brought against Martinez and Bermudez because claims under Title VII and the FCRA

may only be brought against employers. (Doc. 16 at 1). This Court also dismissed Counts II and III insofar as they were brought against Martinez because those claims were not supported by the facts alleged in the complaint.

Plaintiff then filed a Second Amended Complaint (Doc. 21) which, admittedly, failed to comply with the law as sort forth in this Court's March 11th Order. Thus, Plaintiff filed an unopposed motion (Doc. 22) requesting leave to amend the complaint again, which this Court granted (Doc. 26). On May 14, 2008 Plaintiff filed a Stipulation (Doc. 24) dismissing all claims against Bermudez with prejudice, and this Court issued an Order (Doc. 27) to that effect on May 15th.

The Third Amended Complaint (Doc. 28), filed on May 15, 2008, is brought only against Mimi's and contains three counts: Count I for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act (the "FCRA"); Count II for assault and battery and Count III for *respondeat superior*.

Defendant filed the instant Motion for Judgment on the Pleadings arguing that all of Plaintiff's claims are barred by *res judicata* because they rely on vicarious liability for the actions of Bermudez, and all claims against Bermudez have been resolved in his favor.

**II. Legal Analysis**

Defendant asserts that this action is controlled by *Citibank v. Data Lease Financial Corp.*, 904 F.2d 1498 (11th Cir. 1990). This Court agrees that, pursuant to *Citibank*, any claims which are based on Mimi's vicarious liability for the actions of Bermudez are barred by *res judicata*. Count II is a claim for assault and battery based on the actions of Bermudez, therefore, Count II will be dismissed with prejudice for the reasons stated in *Citibank*.

Plaintiff argues that Count III should not be dismissed because it alleges vicarious liability for the actions of Bermudez *and* Martinez. However, this Court finds that, even as it relates to the actions of Martinez, Count III fails to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). *Respondeat superior* is not a tort in and of itself, instead it is a theory under which one might prove liability for a tort. Plaintiff's complaint does not establish any tort committed by Martinez for which Mimi's may be held vicariously liable. Therefore, Count III will be dismissed as well.

The reasoning of *Citibank*, however, is not applicable to Count I because it is not based on vicarious liability. As stated in this Court's prior Order, claims under Title VII and the FCRA may only be brought against employers, and are not based on vicarious liability. Thus, Count I will not be dismissed.

Finally, because Plaintiff has had ample opportunity to amend her complaint, this Court will not grant leave to file a fourth amended complaint without good cause shown.

## III. Conclusion

Accordingly, it is

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 31) is **GRANTED** in part and **DENIED** in part. Counts II and III are hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 28, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE